## CLOUGH *v.* SHEPHERD.

The Revised Statutes prohibit no acts to be done on Sunday but such as are done to the disturbance of others.

A plea, that an original writ was issued on Sunday, is defective, if it does not allege it to be done to the disturbance of others.

At common law the issuing of original process on Sunday was not illegal.

Where any qualification or exception is stated in the enacting clause of a statute, a declaration or plea founded on it, must allege the facts necessary to bring the case within the qualification, or to exclude it from the exception.

In this action a plea in abatement was filed, as follows:

"And the said defendant comes and defends, &c., when,

&c., and prays judgment of the writ aforesaid, and that the same may be abated, because he says that although the said writ purports to have been made on the twenty-ninth day of July, A. D. 1854, yet in fact the same was made and delivered to the officer for service, not upon the twenty-ninth day of July aforesaid, but upon the thirtieth day of July aforesaid, which was the first day of the week, commonly called the Lord's day. And this he is ready to verify. Wherefore he prays judgment of the same writ, and that it may be abated, and for his costs.

CHARLES SHEPHERD, JR.

By N. B. BRYANT, his attorney."

To this plea there was a demurrer and joinder.

*Leverett* and *Quincy*, for the plaintiff.

The statute provides that " no person shall do any work, business or labor of his secular calling, to the disturbance of others, works of necessity and mercy excepted, on the first day of the week," &c., under a penalty. Comp. Stat. 271, ch. 124.

The plea is defective in not averring that the making and delivery of the writ was business of a secular calling to the disturbance of others, and not work of necessity and mercy. A man may do business of his secular calling, if not done to the disturbance of others.

The exception here is in the enacting clause. The rule on this subject is, that in pleading upon statutes, where there is an exception in the enacting clause, the plaintiff must show that the defendant is not within the exception. 1 Ch. Pl. 223, 309, 334. Numerous authorities are cited in support of this principle. Cases are numerous where it has been held fatal when the exception has not been stated in the pleading. 1 Ch. Pl. 310; 7 Mass. Rep. 225; 17 Mass. Rep. 236; 8 Johns. 283; 1 Pick. 162, 368; 15 Pick. 171.

The same rule applies in criminal pleadings. 34 Maine

Rep. 501; *State* v. *Adams*, 6 N. H. Rep. 532, and cases there cited; *State* v. *Barker*, 18 Vt. Rep. 195; Wharton Cr. Law 139.

Filling up a writ and delivering it to an officer, is a ministerial and not a judicial act. *Johnson* v. *Day*, 17 Pick. 109.

The presumption that writs are awarded by courts when actually in session, is confined to judicial writs. T. Jones, 126.

All ministerial acts performed on Sunday are valid by the common law, which are not prohibited by statute. Macalley's case 9 Co. 65; *Delamater* v. *Mellen*, 1 Cow. 75.

*N. B. Bryant*, for the defendant.

The plea is good. The rule which is familiar in criminal pleadings, that the exception in the enacting clause should be negatived, does not apply. Here the act itself is set forth, and the court are to decide whether that act falls within the statute prohibition or not.

The making and delivery of a writ to an officer for service, is in its nature identical with the service of civil process; is a part of the same general business, and the latter has been held to be illegal under the act of 1799, if made on the Lord's day. *Shaw* v. *Dodge*, 5 N. H. Rep. 462.

The making and delivery of a writ to the officer for service on Sunday, falls within that part of the statute prohibition, " work, business or labor of a secular calling." *Johnson* v. *Day*, 17 Pick. 109; *Frost* v. *Hall*, 4 N. H. Rep. 153.

The only remaining question is, was this done " to the disturbance of others ?" Considering this act as the most important step in the institution of a suit against the defendant, it can hardly be said that it does not fall within the legitimate meaning of the statute. Besides the rights of third persons might be materially affected by such proceedings. Under our laws the security to be derived by attachment generally depends upon the diligence of the party and his counsel, and if priority can be secured, and the action of

an officer forestalled by such a procedure as this case presents, it would lead to the most flagrant and reckless violation of all the decencies and proprieties of the Sabbath.

Again, it may safely be assumed that although a strictly solitary act of one's secular calling, not done " to the disturbance of others," may not fall within the prohibition, yet an act which calls for the agency of both attorney and officer, thereby withdrawing them from the ordinary and appropriate exercises of the Sabbath, clearly and fully comes within the list of acts declared to be illegal, upon the ground that they are done to the disturbance of others. *Allen* v. *Deming*, 14 N. H. Rep. 153 ; *Stackpole* v. *Symonds*, 3 Foster's Rep. 230.

BELL, J. Under the provisions of the Revised Statutes this plea cannot be supported. Those provisions originally drawn with slight change from the statutes previously in force, were very materially changed during their passage through the legislature.

The act of December 24, 1799, (Laws Ed. 1830, p 167,) provided that " no tradesman, artificer, or any other person whatsoever, shall do or exercise any labor, business or work of their secular calling, works of necessity and mercy only excepted, on the first day of the week, commonly called the Lord's day." While the Revised Statutes enact that " no person shall do any work, business or labor of his secular calling, *to the disturbance of others*, works of necessity and mercy excepted, on the first day of the week, commonly called the Lord's day." Rev. Stat. ch. 118, § 1.

These differing provisions cannot be construed to mean the same thing. " *To the disturbance of others*," is a qualifying phrase, which could not have been introduced by the legislature without design, and its natural and full effect must of course be given to it in the construction of the statute. The party who would take advantage by plea of the prohibition of the statute, is bound to allege all the facts

which are necessary to show the act objected to, to be a violation of law, unless those facts are such as the courts are bound to take notice of officially. He must not only allege the act to have been done on the Lord's day, but he must allege it to be work, labor or business of the secular calling of the person doing it; that it was done *to the disturbance of others*, and that it was not a work of necessity or mercy, for unless all these facts appear the act is not within the terms of the statute, and is not prohibited by it. The court cannot judicially know or notice either of these things, unless they are alleged. 1 Ch. Pl. 216, &c.

The authorities cited by the plaintiff seem to us conclusive to the point, that where any qualification or exception is stated in the enacting clause of a statute, the declaration or plea founded upon it must allege the facts which are necessary to bring the case within the qualification, or to exclude it from the exception.

It is suggested that this rule, though familiar in criminal proceedings, is not applicable in civil cases, but it is by no means so restricted by the decisions. 1 Ch. Pl. 229, 235, 356; 2 Saund. Pl. and Ev. 830; 6 Bac. Ab. 395; Stat. L. 4; 2 Steph. N. P. 1006–7; *Spines* v. *Parker*, 1 D. & E. 141; *Gill* v. *Scrivens*, 7 D. & E. 27; *Vavasor* v. *Ormerod*, 6 B. & C. 431; *Brown* v. *Knill*, 2 B. & B. 395.

These allegations being omitted the plea must be held defective as a plea under the statute.

But it is contended that it is illegal at common law to make any writ, or to deliver it to an officer for service on Sunday. In Macalley's case 9 Co. R. 66, it was decided that no judicial act ought to be done on Sunday; but ministerial acts may be lawfully executed on that day; and this decision is recognized as the law in *Waite* v. *Stoke*, Cro. Ja. 496; Com. Dig. Temps. B. 3; and in *Swann* v. *Broom*, 3 Burr. 1595; *Johnson* v. *Day*, 17 Pick. 106; and *Frost* v. *Hull*, 4 N. H. Rep. 153. The award of judicial writs is a judicial act, and void if done on Sunday. Com. Dig.

Clough *v.* Shepherd.

Temps. B. 3. But the issuing of original process, (which is the present case,) is merely ministerial. Com. Dig. Temps. B. 3. Thus, in *Waite* v. *Stoke*, Cro. Ja. 496, it is said by *Croke*, J., "An original writ or patent bearing teste upon the Sunday are good enough, for the Chancellor may seal writs or patents upon any day." And see *Johnson* v. *Day*, 17 Pick. 109; and *Bedoe* v. *Alpe*, W. Jones 126, there cited.

The service of process on Sunday is regulated in England by the statute 29 Char. 2, ch. 7, which provides, almost in the very terms of our statute of 1799, against worldly labor, business or work, and in a subsequent section provides that no person on the Lord's day shall serve any writ, process, warrant, order, judgment or decree, except in cases of treason, felony or breach of the peace. Wood's Inst. 410. The passage of this express statute to forbid the service of process on Sunday seems very conclusive that independently of that enactment and at common law such service was not illegal.

Though the first part of the statute of Charles 2, was enacted here in 1700, the latter clause referred to was not. If it should, nevertheless, be regarded as having been tacitly adopted here, as a modification of the common law, adapted to the situation of this country, and conformable to the religious sentiment of the people here, it does not affect the question before us, because it is in terms confined to the service, and not to the issuing of process.

In *Shaw* v. *Dodge*, 5 N. H. Rep. 462, and perhaps in *Frost* v. *Hull*, 4 N. H. Rep. 153, it seems to have been the impression of the court, that the service of process on Sunday had always been regarded as forbidden here by the statute of 12 W. 3, (1700,) and of Dec. 24, 1799. In that view, as these statutes are repealed, the issuing of original process on Sunday must be legal as at common law, or if illegal, it is so because it is a violation of our existing statute, within which the case is not brought by this plea. There must, therefore, be judgment,

*That defendant answer over.*